USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/8/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JAMES SMALLS,                                               :
                                        Plaintiff,          :
                -against-                                   :      13 Civ. 7757 (LGS)
                                                            :
FIVE STAR PREMIER RESIDENCE OF                              :      **OPINION AND**
YONKERS,                                                    :      **ORDER**
                                        Defendant.          :
                                                            :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Defendant FVE Managers, Inc., a wholly owned subsidiary of Five Star Quality Care, Inc. ("Five Star") moves to confirm a September 4, 2015, arbitration decision in favor of Five Star, dismiss the Amended Complaint in this case and to recoup its attorneys' fees and costs. Pro se Plaintiff James Smalls opposes the motion and cross-moves to vacate the decision. For the reasons set forth below, Five Star's motion to confirm the arbitration decision is granted, Smalls' cross-motion to vacate the decision is denied and Five Star's motion for attorneys' fees and costs is denied.

**I.  Background**

   **A.  The Arbitration**

The underlying arbitration decision arises out of Smalls' employment with Five Star. Smalls asserted that he was subject to racial discrimination, harassment and violations of his rights to privacy and employee confidentiality. As a condition of Smalls' employment with Five Star, he signed an agreement requiring that both he and Five Star submit any claims arising from his employment to binding arbitration (the "Agreement") before National Arbitration and Mediation, Inc. ("NAM"). Consequently, on July 24, 2014, Smalls' case before this Court was

stayed pending the results of the required arbitration.

On or about August 15, 2014, Smalls filed a Demand for Arbitration with NAM, alleging discrimination under Title VII of the Civil Rights Act of 1964. Smalls filed a second Demand for Arbitration with NAM on or about October 28, 2014, alleging harassment, violation of his employee confidentiality and violation of his right to privacy. Smalls also claimed management complicity in these violations. The parties agreed to combine both of Smalls' Demands for Arbitration into one hearing, which took place before a NAM arbitrator on July 13 and 14, 2015.

Before the hearing, the arbitrator granted Five Star's motion to preclude Smalls' assertion of certain claims that dealt with alleged incidents that occurred prior to Five Star becoming Smalls' employer and alleged incidents that occurred more than 300 days prior to Smalls' filing of his August 15, 2014, claim and that were consequently precluded under the Agreement. The case before the arbitrator dealt with the alleged harassment of Smalls by a fellow employee and how that alleged harassment affected Smalls' rights. On September 4, 2015, the arbitrator issued his decision (the "Decision") and denied Smalls' claims.

### B. The Appeal of the Decision

On October 6, 2015, Smalls appealed the arbitration decision as permitted under the Agreement. On February 22, 2016, a panel of three arbitrators upheld the Decision.

### C. The Motion to Confirm the Decision and Cross-Motion to Vacate the Decision

Five Star moved to confirm the arbitration decision and dismiss the Amended Complaint in this case. Five Star also moved for attorneys' fees and costs in connection with the case. Smalls filed a response to Five Star's motion and a cross-motion to vacate the arbitration decision.

## II.     Legal Standard

Five Star brings its motion to confirm the Decision pursuant to the Federal Arbitration Act ("FAA").  Ordinarily, confirmation of an arbitration decision is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 132 (2d Cir. 2015).  "A court's review of an arbitration award is. . . severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."  *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274 (2d Cir. 2015).  The Court "must grant [a request to confirm a decision] unless the award is vacated, modified, or corrected."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting 9 U.S.C. § 9) (internal quotation marks omitted).

Under Section 10 of the FAA, an arbitration award can be vacated when: (1) "the award was procured by corruption, fraud, or undue means;" (2) "there was evident partiality or corruption in the arbitrators, or either of them;" (3) "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced;" or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a).  An award may also be vacated where the arbitrator acts in "manifest disregard of the law."  *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011).  The party seeking to "vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high."  *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 74 (2d Cir. 2011) (quoting *D.H. Blair & Co.,* 462 F.3d at 110).  An arbitration

award should be confirmed as long as there is "a barely colorable justification" for the award. *D.H. Blair & Co.*, 462 F.3d at 110. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* (internal quotation marks omitted).

### III. Discussion

#### A. The Decision

Smalls' pro se motion appears to assert three grounds for vacating the Decision: (1) the arbitrator was biased, (2) the arbitrator relied upon faulty evidence in making his decision and (3) the arbitrator acted in manifest disregard of the law in making his decision.

Smalls' motion has raised no credible argument of bias on the part of the arbitrator. Plaintiff "bear[s] a high burden of demonstrating objective facts inconsistent with impartiality" by "clear and convincing evidence." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 105, 106 (2d Cir. 2013) (internal quotation marks omitted). "[A]n arbitrator is disqualified only when a reasonable person, considering all the circumstances, would *have* to conclude that an arbitrator was partial to one side." *Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.*, 492 F.3d 132, 137 (2d Cir. 2007) (internal quotation marks omitted); *accord Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 548 (2d Cir. 2016). Smalls' claims that the arbitrator was biased because the arbitrator implied that Smalls illegally recorded the case and granted Five Star five weeks to respond to Smalls' appeal of the Decision instead of the four weeks requested by Five Star, among other similar claims, would not lead a reasonable person to conclude that the arbitrator was biased.

Smalls' allegations that the arbitrator relied upon faulty or "perjured" evidence do not fit

within the categories of action that could result in vacatur.  *See* 9 U.S.C. § 10(a).  There is no evidence that the Decision was "procured by corruption, fraud, or undue means" or that the arbitrator exceeded his power.  *See id.*

Smalls' motion similarly raises no credible argument that the arbitrator acted in manifest disregard of the law.  Smalls has not demonstrated that the arbitrator "intentionally defied the law."  *STMicroelectronics, N.V.*, 648 F.3d at 78.  He provides no evidence to support his assertion that the arbitrator improperly allowed false testimony by Five Star employees who stated that they have discretion over Category I offenses under their employee handbook.  The record before the arbitrator demonstrates that Five Star employees *do* have discretion over Category I infractions.  The arbitrator reasonably determined that there was no basis for finding that Smalls' alleged claims fell within the EEOC definition of harassment, and the record shows that the EEOC itself previously denied Smalls' claims.  Smalls fails to meet his burden of demonstrating that the arbitrator intentionally ignored the relevant law.

For the reasons discussed above, Smalls has not met his burden of proof to support vacatur.  Five Star has sufficiently supported its motion for confirmation of the Decision, which is therefore granted.

### B.  Attorneys' Fees and Costs

Five Star's motion for the attorneys' fees and costs it incurred in this case is denied.  Five Star has not shown that Smalls was "acting in bad faith, vexatiously, wantonly, or for oppressive reasons," in seeking to overturn the arbitration award.  *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 132 (2d Cir. 1999) (internal quotation marks omitted).

## IV.     Conclusion

For the foregoing reasons, Five Star's motion to confirm the arbitration decision is GRANTED.  Smalls' motion to vacate the arbitration decision is DENIED.  Five Star's motion for attorneys' fees and costs is DENIED.  Moreover, the Court certifies that any appeal from this Order would not be taken in good faith, as Smalls' claims lack any arguable basis in law or fact, and therefore permission to proceed *in forma pauperis* is also denied.  *See* 28 U.S.C. § 1915(a)(3); *see also Seimon v. Emigrant Savs. Bank (In re Seimon)*, 421 F.3d 167, 169 (2d Cir. 2005).  The Clerk of Court is respectfully directed to close the case and to provide a copy of this Opinion and Order to the pro se Plaintiff.

SO ORDERED.

Dated:  September 8, 2016
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**